IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARKITH WILLIAMS, and ALVIN WHITE, a minor by SHIRL WILLIAMS, his Mother and Next Friend, | ) ) ) ) ) | **FILED: JANUARY 5, 2009** <br> **09CV05** <br> **JUDGE PALLMEYER** |
| Plaintiffs, | ) ) | **MAGISTRATE JUDGE COLE** |
| v. | ) ) ) | No. **TC** |
| C. DIEBALL; P. SZCZUROWSKI; G. NIEDZWIECKI; S. P. FLYNN; and SGT. ZALINSKY. | ) ) ) ) | Plaintiff demands trial by jury |
| Defendants. | ) | |

C O M P L A I N T

NOW COME the Plaintiffs, MARKITH WILLIAMS and ALVIN WHITE, a minor by SHIRL WILLIAMS, his Mother and Next Friend, by their attorney, BARBARA J. CLINITE, and complaining of the Defendants, C. DIEBALL, P. SZCZUROWSKI, G. NIEDZWIECKI, S. P. FLYNN, and SGT. ZALINSKY, state:

PARTIES

1.    Plaintiffs are residents of the City of Chicago in the Northern District of Illinois.

2.    Defendants, C. DIEBALL, P. SZCZUROWSKI, G. NIEDZWIECKI, S. P. FLYNN, and SGT. ZALINSKY, are employed in the City of Chicago, and are residents of the Northern District of Illinois.

3.    The Defendants are sued in an individual capacity.

1

JURISDICTION

4.    These actions are brought pursuant to 42 U.S.C.§1983 and the jurisdiction of the Court is conferred by 28 U.S.C.§1331.

COUNT I

(42 U.S.C. §1983)
Wrongful Arrest

5.    At all material times, the Defendants were employed by the Chicago Police Department as police officers.

6.    In connection with their duties as police officers, the Defendants were authorized to make arrests of citizens only when they had probable cause to do so.

7.    On July 22, 2007 the Plaintiff owned and was operating a certain automobile which he drove home and parked at or near 3304 W. Washington Street, in the City of Chicago, Illinois.

8.    On July 23, 2007 near 3304 West Washington Street, Chicago, Illinois, the Defendants were on routine patrol when they arrived where Plaintiff had parked his automobile.

9.    The Defendants saw Plaintiff ALVIN WHITE near the automobile, and told him to get his brother, MARKITH WILLIAMS or they would damage the vehicle.

10.    At said time the Plaintiff, MARKITH WILLIAMS, was at home at 3304 W. Warren, in the City of Chicago, State of Illinois, when his brother, co-Plaintiff ALVIN WHITE, came to him and told him that police officers were threatening to damage and tow his vehicle

2

from 3304 W. Washington Street.

11. At said time, Plaintiff, MARKITH WILLIAMS, went to 3304 W. Washington Street with his brother and observed the Defendants near Plaintiff's automobile.

12. At said time, the Defendants, C. DIEBALL, P. SZCZUROWSKI, and G. NIEDZWIECKI, falsely accused MARKITH WILLIAMS of having wrongfully taken his automobile from the 11th District parking lot the night before.

13. The Defendants told Plaintiffs they were going to seize the car and have it towed.

14. Plaintiff, MARKITH WILLIAMS, then sat on the hood of the car, to protest the seizure of his automobile without cause.

15. Although the Defendants had no reasonable basis to believe that Plaintiff had committed a crime, they proceeded to seize him and handcuff him.

16. Plaintiff was arrested and taken to the police station, and his car was towed and impounded.

17. At no time was Plaintiff charged with having taken his vehicle from the 11th District parking lot, or any related offense.

18. At no time did the Defendants have probable cause to stop and seize Plaintiff for taking his automobile from the 11th District parking lot.

19. At no time did the Defendants have probable cause to stop and harass Plaintiff or to arrest him.

20. In order to appear to justify the arrest of the Plaintiff, the Defendants, C. DIEBALL, P. SZCZUROWSKI, and G.

3

NIEDZWIECKI, did falsely charge the Plaintiff with assaulting a police officer.

21. The conduct of the Defendants in seizing and arresting the Plaintiff was done solely for the purpose of harassing the Plaintiff.

22. At all material times, the Defendants were acting under the color and pretense of state law, using their position as police officers to carry out their seizure and arrest of the Plaintiff.

23. The Defendants' arrest of the Plaintiff, MARKITH WILLIAMS, was totally unjustified and without probable cause.

24. The Defendants' arrest of the Plaintiff was violation of the Plaintiff's right to be free from unreasonable search and seizure, under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

25. The Defendants committed the acts alleged with deliberate indifference and disregard for the constitutional rights of the Plaintiff.

26. The Defendants did act with deliberate indifference to and with wilful disregard for the Plaintiff's right to be free from unreasonable search and seizure under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

27. The Defendants did violate the Plaintiff's constitutional right to be free from unreasonable search and seizure.

28. As a direct and proximate result of the wrongful acts of the Defendants, the Plaintiff was caused to and did suffer arrest, processing, being held in jail, and having to defend the criminal

4

charges against him.

29.  As a direct and proximate result of the wrongful acts of the Defendants, the Plaintiff was caused to and did expend great sums of money for the defense of the charges wrongfully brought against him, and did suffer emotional distress.

WHEREFORE, the Plaintiff, MARKITH WILLIAMS, demands judgment against the Defendants, C. DIEBALL, P. SZCZUROWSKI, and G. NIEDZWIECKI, for compensatory damages in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS and for punitive and exemplary damages in the sum of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS, plus attorney's fees and costs.

## COUNT  II

(42 U.S.C. §1983)
Excessive Force

5.  At all material times, the Defendants were employed by the Chicago Police Department as police officers.

6.  In connection with their duties as police officers, the Defendants, C. DIEBALL, P. SZCZUROWSKI, and G. NIEDZWIECKI were trained in the use of bodily force.

7.  At all material times, it was the duty of the Defendants to use said force only when there was probable cause to do so.

8.  At all material times, it was the duty of the Defendants, when there was probable cause to use force, to exercise restraint in the use of force so as not to use excessive force and cause unnecessary bodily injury to persons confronted and/or in their

5

custody.

9.-14.  Plaintiff, MARKITH WILLIAMS, readopts and realleges the allegations of Paragraphs 9 through 14 of Count I as the allegations of Paragraphs 9 through 14 of Count II as though set forth fully herein.

15.  Defendant, C. DIEBALL, and other defendant officers, then grabbed Plaintiff, MARKITH WILLIAMS, pulled him from the hood of his car and began twisting his arms and left thumb, and slammed his body back against the vehicle.

16.  The Defendants, P. SZCZUROWSKI, and G. NIEDZWIECKI did support, encourage and fail to stop said wrongful conduct by Defendant, C. DIEBALL, and did participate in restraining and injuring the Plaintiff.

17.  C. DIEBALL and other officers sprayed mace into Plaintiff's face without any cause to do so.

18.  After the Plaintiff was handcuffed, one defendant officer took out a pocket knife and cut MARKITH WILLIAMS in the left side of his abdomen without any cause to do so, while the other Defendants did support, encourage and fail to stop the officer from doing so.

19.  Plaintiff was arrested and taken to the police station, and his car was towed and impounded.

20.  At no time did the Defendants have probable cause to use force against the Plaintiff.

21.  Plaintiff made no threats, verbal or physical, to the Defendants, and did nothing to provoke the use of force.

6

22. At all material times, the Defendants were acting under the color and pretense of state law, using their position as police officers to carry out their assault upon the Plaintiff.

23. The use of force and battery upon the Plaintiff, MARKITH WILLIAMS, was totally unjustified and without probable cause.

24. The Defendants' use of force was a violation of the Plaintiff's right to be free from physical assault and injuries by the use of excessive force, under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

25. The Defendants committed the acts alleged with deliberate indifference and disregard for the safety and the constitutional rights of the Plaintiff.

26. The Defendants did violate the Plaintiff's constitutional right to be free from unreasonable search and seizure and the use of excessive force.

27. As a direct and proximate result of the wrongful acts of the Defendants, the Plaintiff was caused to and did suffer serious and permanent injuries, and was caused to and did suffer, and in the future will suffer, great pain in both body and mind; and was caused to expend, and in the future will be compelled to expend, great sums of money endeavoring to be cured of his injuries; and did suffer the loss of a normal life.

WHEREFORE, the Plaintiff, MARKITH WILLIAMS, demands judgment against the Defendants C. DIEBALL, P. SZCZUROWSKI, and G. NIEDZWIECKI for compensatory damages in the sum of FIVE HUNDRED

FIFTY THOUSAND ($550,000.00) DOLLARS and for punitive and exemplary damages in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, plus attorney's fees and costs.

## COUNT III

### (42 U.S.C. §1983)
### Excessive Force

5.    At all material times, the Defendant, SGT. ZALINSKY was employed by the Chicago Police Department as a police officer.

6.    In connection with his duties as a police officer, the Defendant was trained in the use of bodily force.

7.    At all material times, it was the duty of the Defendant to use said force only when there was probable cause to do so.

8.    At all material times, it was the duty of the Defendant, when there was probable cause to use force, to exercise restraint in the use of force so as not to use excessive force and cause unnecessary bodily injury to persons confronted and/or in his custody.

9.-16.    Plaintiff, MARKITH WILLIAMS, readopts and realleges the allegations of Paragraphs 9 through 16 of Count I as the allegations of Paragraphs 9 through 16 of Count III as though set forth fully herein.

17.    At the police station, Plaintiff was handcuffed to a pole in a room when the Defendant, SGT. ZALINSKY came in and using profanity began to assault MARKITH WILLIAMS.

18. SGT. ZALINSKY began shoving Plaintiff around, threw him against the wall, put his hands around Plaintiff's throat and began choking him.

19. At no material time did the Plaintiff commit any offense or engage in conduct which would have given the Defendant probable cause to use force.

20. At all material times, the Defendant was acting under the color and pretense of state law, using his position as a police officers to carry out his assault upon the Plaintiff.

21. The use of force and battery upon the Plaintiff, MARKITH WILLIAMS, was totally unjustified and without probable cause.

22. The Defendant's use of force was a violation of the Plaintiff's right to be free from physical assault and injuries by the use of excessive force, under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

23. The Defendant committed the acts alleged with deliberate indifference and disregard for the safety and the constitutional rights of the Plaintiff.

24. The Defendant did act with deliberate indifference to and with wilful disregard for the Plaintiff's right to be free from the use of excessive force and unreasonable search and seizure under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

25. The Defendant did violate the Plaintiff's constitutional right to be free from unreasonable search and seizure.

9

26.   As a direct and proximate result of the wrongful acts of the Defendant, the Plaintiff was caused to and did suffer serious and permanent injuries, and was caused to and did suffer, and in the future will suffer, great pain in both body and mind; and was caused to expend, and in the future will be compelled to expend, great sums of money endeavoring to be cured of his injuries; and did suffer the loss of a normal life.

WHEREFORE, the Plaintiff, MARKITH WILLIAMS, demands judgment against the Defendant, SGT. ZALINSKY, for compensatory damages in the sum of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS and for punitive and exemplary damages in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, plus attorney's fees and costs.

COUNT IV

(42 U.S.C. §1983)
Excessive Force

1.-12.   Plaintiff ALVIN WHITE, a minor by SHIRL WILLIAMS, His Mother and Next Friend, readopts and realleges the allegations of Paragraphs 1 through 12 of Count I as the allegations of Paragraphs 1 through 12 of Count II as though set forth fully herein.

13.   The Defendants, S.P. FLYNN and C. DIEBALL, did pursue Plaintiff, ALVIN WHITE.

14.   Plaintiff stopped, put his hands into the air and then lay down on the ground.

10

15. Although Plaintiff was lying still on the ground, the Defendants kicked him in the head and about the torso, causing him injuries.

16. Each and all of the Defendants participated in the assault and battery of the Plaintiff, and encouraged others to kick him.

17. At no time did the Defendants have probable cause to use force against the Plaintiff.

18. Plaintiff made no threats, verbal or physical, to the Defendants, and did nothing to provoke the use of force.

19. At all material times, the Defendants were acting under the color and pretense of state law, using their position as police officers to carry out their assault upon the Plaintiff.

20. The use of force and battery upon the Plaintiff, ALVIN WHITE, was totally unjustified and without probable cause.

21. The Defendants' use of force was a violation of the Plaintiff's right to be free from physical assault and injuries by the use of excessive force, under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

22. The Defendants committed the acts alleged with deliberate indifference and disregard for the safety and the constitutional rights of the Plaintiff.

23. The Defendants did act with deliberate indifference to and with wilful disregard for the Plaintiff's right to be free from the use of excessive force and unreasonable search and seizure

11

under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

24. The Defendants did violate the Plaintiff's constitutional right to be free from unreasonable search and seizure and the use of excessive force.

25. As a direct and proximate result of the wrongful acts of the Defendants, the Plaintiff was caused to and did suffer serious injuries, and was caused to and did suffer, and in the future will suffer, great pain in both body and mind; and did suffer the loss of a normal life.

WHEREFORE, the Plaintiff, ALVIN WHITE, a minor, by SHIRL WILLIAMS, His Mother and Next Friend, demands judgment against the Defendants S. P. FLYNN and C. DIEBALL for compensatory damages in the sum of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS and for punitive and exemplary damages in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, plus attorney's fees and costs.

BARBARA J. CLINITE
Attorney for the Plaintiffs

BARBARA J. CLINITE
Attorney at Law
P. O. Box 2451
Chicago, Illinois 60690-2451
(312) 977-1985
clinitelaw@peoplepc.com
Atty.No. 3124139

12