THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MARKITH WILLIAMS and ALVIN WHITE,

    Plaintiffs,

v.

C. DIEBALL, P. SZCZUROWSKI, G. NIEDZWIECKI, S. FLYNN and SGT. ZELITZKY,

    Defendants.

No. 09-cv-05

Judge Rebecca R. Pallmeyer

## DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTIONS *IN LIMINE*

Defendants Chicago Police Officers Christopher Dieball, Piotr Szczurowski, George Niedzwiecki, Sean Flynn and Sgt. Adam Zelitzky ("defendants"), by and through their attorneys, Johnson & Bell, Ltd., for their responses to plaintiffs' Motions *In Limine,* state as follows:

**Motion #1 – To Bar Prior Arrests and Felony Convictions**

Defendants do not intend to introduce evidence relating to plaintiff Markith Williams' 26 arrests since 2002 that did not result in convictions. However, defendants respectfully request that this Court reserve ruling on this motion to allow for the possibility that the plaintiffs could open the door to this evidence during their testimony at trial.

Next, plaintiffs generally, without specifying which facts or convictions are subject of this motion, move to bar "any facts tending to show that a Plaintiff was convicted of a crime on any occasion, not involving dishonesty or false statement, or one for which the conviction and incarceration was over 10 years ago." Defendants assume that plaintiffs' motion applies to plaintiff

Markith Williams' six felony convictions within the last 10 years.[1] In chronological order, plaintiff Williams' convictions are as follows:

1. 02CR-25935 – charged with and convicted of possession of heroin. Sentenced to 1 year and 6 months of probation, which was terminated unsatisfactory;

2. 03CR-01069 – charged with and convicted of possession of heroin. Sentenced to 1 year in the Illinois Dept. of Corrections;

3. 04CR-11111 – charged with possession of cocaine/heroin, driving on suspended license, no valid registration, no valid insurance and convicted of possession of cocaine/heroin with intent to deliver. Sentenced to 1 year in the Dept. of Corrections;

4. 05CR-22790-01 – charged with soliciting unlawful business, issuance of warrant, possession of cocaine and convicted of delivery of cocaine. Sentenced to two years of probation, which was terminated unsatisfactory;

5. 06CR- 04647-01 – charged with soliciting unlawful business and possession of cannabis and cocaine, and convicted of possession of cocaine with intent to deliver. Sentenced to 4 months of Cook County Jail Boot Camp and 8 months of probation.

6. 08CR-15026-01 – charged with possession of heroin, operating the vehicle without insurance and driver license, not wearing seat belt, broken/inoperable lamps, and unlawful use of a weapon and convicted of aggravated unlawful use of a weapon. Sentenced to 4 years in Department of Corrections.

Defendants do not seek to introduce evidence of the convictions to prove the plaintiff Williams' character in order to show action in conformity therewith, but rather seek to introduce the convictions solely for impeachment purposes, as allowed by Federal Rule of Evidence 609.[2]

Federal Rule of Evidence 609 clearly indicates that evidence that a party has been convicted of a crime <u>shall</u> be admitted if the crime was punishable by death or imprisonment in excess of one year, subject to Federal Rule of Evidence 403. (emphasis added) *Wilson v. Groaning*, 25 F.3d 581, 586 (7th Cir. 1993); *Wilson v. City of Chicago*, 6 F.3d 1233, 1237 (7th Cir. 1993). All of the

---

[1] Plaintiffs concede that Williams' misdemeanor conviction for Disorderly Conduct – False Reporting – Case No. 101205884-01 is admissible under F. R. Evid. 609, as it involves crime of dishonesty or false statement.

[2] Plaintiffs agree that "Rule 609(a) provides that evidence of a conviction is not admissible except to attack credibility on cross examination …" p. 2 of Plts' Motion *In Limine* #1.

plaintiff Williams' convictions mentioned above fall within the rules' requirements for sentencing (Class 1, Class 2, Class 3 and two Class 4 convictions) and occurred within the 10-year time limit. These convictions meet all of the requirements of Rule 609, and should therefore be admitted.

Without question, credibility is a key issue in this case, as it is expected that the plaintiffs will tell a vastly different story from the defendant officers, and there will be virtually no physical evidence and limited eyewitness testimony to support the parties' claims. This is the very definition of a "he said – he said" case. As a result, the trier of fact should have "as much relevant evidence on the issue of credibility as possible." Fed. R. Evid. 609 advisory committee's note at 357; *Gora v. Costa,* 971 F.2d 1325, 1330 (7th Cir. 1992). The Seventh Circuit has stated the following about the Rule:

> Rule 609 and the common law tradition out of which it evolved rest on the common-sense proposition that a person who has flouted society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath in a trial by the solemnity of the oath, the (minuscule) danger of prosecution for perjury, or internalized ethical norms against lying. If so, this is something a jury should be permitted to take into account in evaluating a witness's believability.

*Campbell v. Greer,* 831 F.2d 700, 707 (7th Cir. 1987). This reasoning is clearly applicable here, and the jury in this matter should be permitted to take into account the fact, when evaluating Williams' believability, that he has been convicted of crimes within the last ten years. This is the main reason that the Federal Rule of Evidence 609 exists.

More importantly, because credibility of the parties is central to the issues in this case, the probative value of these convictions is not outweighed by the possible prejudice, and the balancing test employed by Rule 403 weighs in favor of admitting the convictions. *Young v. James Green Management*, 327 F.3d 616, 625 (7th Cir. 2003). It should be noted that rule 403 does not mandate, or even allow, the exclusion of evidence because it is simply prejudicial. Rule 403 authorizes the

exclusion of relevant evidence only if its probative value is *substantially* outweighed by the danger of *unfair* prejudice, which is not the same as testimony that is simply adverse to the opposing party. *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1986) (emphasis in original). In *Coles v. City of Chicago,* a case in which the same issue arose regarding a conviction within the ten year period prescribed by the rule, the Court held that the conviction was admissible. 2005 U.S. Dist. LEXIS 14950 (N.D. Ill. Jul. 22, 2005). The Court explained its reasoning thusly:

> Limited probative value is not the same as no probative value. Rule 403 does not permit the exclusion of probative evidence unless the probative value of that evidence is substantially outweighed by its unfair prejudice. Evidence of a conviction for possession of drugs does not carry the same potential for inflaming the jury as does evidence of an armed robbery conviction… We recognize that evidence of a drug conviction (or any other conviction, for that matter) may diminish a witness's credibility and image in the eyes of a jury. But, if that alone were enough to exclude a conviction, then no convictions would be admitted under Rule 609(a)(1)**.** We conclude that there is no risk of unfair prejudice that substantially outweighs the probative value of plaintiff's drug conviction.

*Id.* at *11.

In assessing a prior conviction's probative value, and whether it is outweighed by prejudice, the Seventh Circuit indicated that the following factors should be considered: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the party's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the party's testimony, (5) and the centrality of the credibility issues.

Taking each factor in turn, it is clear that the probative value of these convictions outweighs the danger of unfair prejudice. First, as discussed above, the impeachment value of the felonies in question here is great because of the suggestion, created by the convictions and supported by Seventh Circuit case law, that the plaintiff's honesty is lacking. Second, all of Williams' convictions are within the timeframe prescribed by the rule, and his criminal history indicates repeated disregard

for the "society's most fundamental norms, as embodied in its felony status," with three arrests and two convictions just last year. Third, there are no similarities between the crimes in the present case and Williams' six other convictions. Because all of the convictions (five are drug convictions and one is the UUW conviction) are markedly different from the crimes in the present case (aggravated battery to police officers, resisting/obstructing arrest), there is no concern that the jury would assume that Williams had a penchant for engaging in the crime charged here. Instead, the jury will consider the plaintiff Williams' honesty and truthfulness, which is allowed by Rule 609.

Combining the fourth and fifth factors, it is explained above why the plaintiff Williams' testimony and credibility are important, as he will likely be one of the main witnesses testifying on his own behalf. His credibility is crucial to the cases of both parties, and, because he has demonstrated his lack of truthfulness by his convictions, convictions that meet all of the other standards of admissibility, the defendants should be allowed to impeach him with those convictions.

Every factor regarding the admissibility of the plaintiff Williams' six convictions has been met here, and plaintiffs do not even attempt to show that the convictions are inadmissible for any reason. Consistent with the plaintiffs' request in their motion *in limine* #1, subpart 3, defendants intend only to show the date, charge and sentence of the convictions against the plaintiff Williams, and do not intend to introduce any other extraneous facts/evidence in connection with the subject convictions provided that no such evidence is introduced by the plaintiffs. Based on the above authority and lack of any arguments or authorities by the plaintiffs to the contrary (Rule 403 requires a fact-intensive, context-specific analysis, *Sprint/United Mgmt. Co. v. Mendelsohn,* 552 U.S. 379, 388 (2008) – not a recitation of the text of the rule and the *ipse dixit* that admission of the evidence would be unfairly prejudicial), plaintiff Williams' motion to bar his felony convictions should be denied.

**Motion #2 – To Bar Prior/Subsequent Injuries to the Plaintiff's Body**

It is impossible to determine from the plaintiffs' very brief motion *in limine* #3, which plaintiff (there are two in this case) and which injuries (defendants are aware of prior injuries/scars inflicted to both plaintiffs) are subject of this motion, thus, making any response by the defense meaningless. The Court should be aware, however, that both plaintiffs claim injuries to the parts of their body: Williams – cut to the abdomen, and abrasions to his shoulder and face, and White – abrasions/scrapes to his face and shoulders/back, and any testimony in connection with prior injuries/scars to the same parts of body prior to the plaintiffs' encounter with the defendant officers on July 23, 2007 is relevant in this case and probative of plaintiffs' truthfulness.

**Motion #3 – To Bar Defendants' Ability/Inability to Pay Damages**

It is defendants' understanding that plaintiffs in this case seek punitive damages. If so, than defendant officers' financial condition is relevant to the pursuit of punitive damages. See *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 270, 101 S. Ct. 2748 (1981) ("evidence of a tortfeasor's wealth is traditionally admissible as a measure of the amount of punitive damages"); Seventh Circuit Civil Pattern Jury Instruction 7.24 includes element of defendant's financial condition. If the plaintiffs do not seek award of punitive damages, then, defendants' agree that their individual financial conditions are irrelevant and do not intend to introduce such evidence at trial.

**Motion #4 – To Bar Defendants' Military Service**

Citing no legal authority for support, plaintiffs ask this Court to bar the evidence of defendants' military service. Defendants, as well as plaintiffs, are entitled to lay out to the jury their general background information, including whether they served in the military. Plaintiffs have cited no legal authority to support their proposition that such evidence is inadmissible (*United States v.*

*Windom,* 19 F.3d 1190, 1198 (7th Cir. 1994) - underdeveloped or perfunctory arguments citing no authority are waived), and defendants could not find any either, as such plaintiffs' motion *in limine* #4 to bar defendants' military service should be denied.

### Motion #5 – To Bar Plaintiff's Juvenile Criminal Records

Defendants do not intend to introduce evidence relating to the plaintiffs' juvenile criminal records. Also, Illinois statute 705 ILCS 405/1-10 cited by plaintiffs in support of their proposition that "evidence that the plaintiff was subject to proceedings pursuant to the Juvenile Court Act is not allowed as evidence in civil proceedings," has been repealed by P.A. 90-590, §2001-15, effective January 1, 1999 and has no binding authority over this Court. However, defendants reserve the right to use Alvin White, Jr.'s juvenile court transcript for impeachment purposes only.

Defendants respectfully request that the Court deny plaintiffs' motions *in limine* Nos. 1 though 5, consistent with the propositions stated in these responses.

Respectfully submitted,

*/s/ Alexandria L. Bell*_____
One of the Attorneys for the Defendants

Frank P. Nowicki
Alexandria L. Bell
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Tel: 312.372.0770
Fax: 312.372.9818